UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILFREDO PEREZ,<br>　　*Petitioner,*<br>v.<br><br>UNITED STATES OF AMERICA,<br>　　*Respondent.* | Civil No. 3:16-CV-1072 (JBA)<br><br><br>August 4, 2016 |

**RULING ON PENDING MOTIONS**

On June 29, 2004, Petitioner Wilfredo Perez was convicted of conspiracy to commit interstate murder-for-hire, interstate travel to commit murder-for-hire, murder in furtherance of a racketeering enterprise, and using a firearm in relation to a crime of violence. On September 12, 2005, this Court sentenced Mr. Perez to life imprisonment and a term of five years, to run consecutively.[1] Mr. Perez filed a § 2255 petition to Vacate, Set Aside, or Correct his sentence on January 9, 2009. *See Perez v. United States*, 3:09-cv-30 (JBA), 2012 WL 1067549 (D. Conn. Mar. 30, 2012). That petition was denied on March 30, 2012. *Id.*

On June 24, 2016, Mr. Perez attempted to move in the Second Circuit for an order requiring the district court to consider a second or successive motion to vacate, set aside or correct sentence, and, after curing filing defects, successfully so moved on July 21, 2016.

---

[1] The five-year enhancement was added to Mr. Perez's sentence as a result of the operation of 18 U.S.C. § 924(c)(3), which contains a residual clause that defines "crime of violence" as, inter alia, "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Perez v. United States*, No. 16-2154 [Doc. ## 2, 13] (2d Cir.). On June 27, 2016, notwithstanding his motion in the Second Circuit, Mr. Perez moved this Court to (i) authorize filing a second or successive § 2255 petition [Doc. # 1] and (ii) vacate, set aside or correct his sentence [Doc. # 2]. Two days later, on June 29, 2016, Mr. Perez moved this Court [Doc. # 5] to stay disposition of his two motions in the District Court pending resolution of his Second Circuit motion. This Court has taken no action on his motions. On July 25, 2016, the Second Circuit stayed Mr. Perez's Second Circuit motion pending decisions in *United States v. Hill*, 14-3872, and *United States v. Barrett*, 14-2641 and instructed him to file a letter brief within thirty days from the issuance of decisions in those cases, whichever is filed later. On August 3, 2016, the Second Circuit decided *United States v. Hill*, No. 14-3872 (2d Cir. Aug. 3, 2016), but *United States v. Barrett* remains pending.

Section 2255 allows prisoners in federal custody to file a second or successive petition, but that petition must first be "certified as provided in §2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). In turn, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Where a "second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), *as amended* (Oct. 7, 1996). Section 1631 requires a court to "transfer [an] action" where it is in the interest of justice. 28 U.S.C. § 1631. Because authorization

2

from the Second Circuit is pending, and because § 1631 requires transfer of the "action," Mr. Perez's entire action, 3:16-cv-1072-JBA, will be TRANSFERRED to the Second Circuit. *See Blow v. U.S.*, No. 16-1530 (2d Cir. July 14, 2016) (amended July 29, 2016). The Clerk is requested to transfer this case.

IT IS SO ORDERED.

\_\_\_\_\_/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of August, 2016.